# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| JANICE THERESA DOLLAR, as Personal Representative of THE ESTATE OF MICHAEL LAMAR DOLLAR and Individually,<br><br>    Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | 2:20-cv-78 |

### ORDER

Before the Court is the Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), dkt. no. 29 (the "Motion" or the "Motion to Dismiss"), filed by Defendant Monsanto Company ("Defendant"). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**.

### I.   BACKGROUND[1]

This case arises from a married couple's alleged exposure to Defendant's products containing Roundup, an herbicide used to kill weeds. See Dkt. No. 22. Plaintiff Janice Theresa Dollar ("Mrs.

---

[1] For the purposes of ruling on Defendant's Motion to Dismiss, the Court takes Plaintiff's version of the facts as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007) ("[W]hen ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true.").

Dollar") has sprayed, worked around, handled, and been exposed to Roundup on a daily basis since she began working in horticulture in 2000.  Id. ¶ 82.  Decedent Michael Lamar Dollar ("Mr. Dollar"), Mrs. Dollar's late husband, began working at a nursery in 2001, where he was exposed to Roundup on about a weekly basis while spraying fields.  Id. ¶ 69.  Mr. Dollar also used Roundup to spray around his home.  Id.  Neither Mr. nor Mrs. Dollar used protective clothing or equipment while handling or being exposed to Roundup. Id. ¶¶ 69, 82.

In about 2009, Mr. Dollar was diagnosed with a type of cancer called multiple myeloma.  Id. ¶¶ 70, 71.  After extensive medical treatment for his condition, including chemotherapy and stem cell transplants, Mr. Dollar passed away due to multi-organ system failure, renal failure, and advanced stage multiple myeloma on December 1, 2012.  Id. ¶¶ 70, 81.  Then, in 2016, Mrs. Dollar was diagnosed with monoclonal gammopathy of undetermined significance ("MGUS"), which she alleges indicates a likely future diagnosis of multiple myeloma.  Id. ¶ 83.  Mrs. Dollar became the personal representative and executrix of her late husband's estate on October 7, 2019.  Id. ¶ 15.

Mrs. Dollar claims that at an unspecified time in 2019, she discovered the connection between her and Mr. Dollar's illnesses and their exposure to Roundup.  Id. ¶¶ 80, 83.  Mrs. Dollar asserts that "despite the exercise of diligence," neither she nor Mr.

2

Dollar could have learned of this causal connection prior to 2019 because of Defendant's "false and fraudulent scheme and active concealment of the safety of its product." Id. ¶¶ 80, 83. Mrs. Dollar contends that Defendant defrauded and misled the public and users/applicators of its products by making "numerous misrepresentations, including specifically that Roundup was safe enough to drink," and by falsifying or relying on falsified data in obtaining registration of Roundup. Id. ¶¶ 72-79. She also claims that both she and Mr. Dollar "reasonably relied on Monsanto's fraudulent misrepresentations as to the safety of Roundup" in their using the product without any protective clothing or equipment. Id. ¶ 75.

Mrs. Dollar, individually and as representative of Mr. Dollar's estate ("Plaintiff"), brought this action against Defendant Monsanto in the Superior Court of Glynn County on June 12, 2020, alleging strict liability in design defect and failure to warn; negligence; breach of implied warranties; wrongful death; and loss of consortium. See Dkt. No. 1-1. Defendant removed the action to this Court on July 16, 2020, dkt. no. 1, and then filed a motion for judgment on the pleadings regarding only Mr. Dollar's claims on February 12, 2021, dkt. no. 17. On March 26, 2021, Plaintiff responded and requested oral argument on Defendant's motion but also filed an amended complaint, ostensibly without leave of Court or permission of Defendant. Dkt. Nos. 20, 22, 23,

24. The amended complaint largely resembles the original complaint, but it adds several paragraphs and a fraud claim against Defendant. See Dkt. No. 22 at 23-25, 51. The Court denied as moot Defendant's motion for judgment on the pleadings and Plaintiff's motion for oral argument, construing Plaintiff's amended complaint as the "operative pleading" because Defendant conceded as such. Dkt. No. 28 at 1, 3. Defendant thereafter filed the subject Motion to Dismiss. Dkt. No. 29. The Court held a hearing on the Motion on May 21, 2021. Dkt. No. 34. The issue is fully briefed, dkt. nos. 31, 33, 35, 36, and is now ripe for review.

## II.  LEGAL STANDARD

Federal courts have limited jurisdiction. Ishler v. Internal Revenue, 237 F. App'x 394, 395 (11th Cir. 2007) (citing Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)). The plaintiff bears the burden of establishing the court's subject matter jurisdiction. Id. Under Federal Rule of Civil Procedure 12(b)(1), there are two types of motions to dismiss for lack of subject matter jurisdiction—facial attacks and factual attacks. Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003) (citing Lawrence v. Dubar, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." Id.

"Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings." Id. "In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." Id. That is,

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.

Lawrence, 919 F.2d at 1529 (citing Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)).

Further, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550

U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The court need not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Lastly, the Court notes that exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint as exhibits in resolving a motion to dismiss without converting the motion to one for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

### III. DISCUSSION

Defendant maintains that all claims relating to Mr. Dollar's injuries are barred by the Georgia statute of limitations for personal injuries and should therefore be dismissed. Dkt. No. 29

6

at 1. Specifically, Defendant argues that Mr. Dollar's wrongful death claims are untimely under O.C.G.A. § 9-3-33 because that statute of limitations ran on December 1, 2014—two years after Mr. Dollar's death—and Plaintiff did not file this action until June of 2020. Id. at 1-2. Defendant further argues that Mr. Dollar's claims brought under a survival theory are barred by the same statute because Mrs. Dollar was not appointed as executrix of Mr. Dollar's estate until after the five-year tolling period contained in O.C.G.A. § 9-3-92 had expired. Id. at 2.

### A. Wrongful Death Actions

Defendant argues that Mrs. Dollar's claims for wrongful death damages on behalf of Mr. Dollar are barred by the Georgia statute of limitations for personal injuries, O.C.G.A. § 9-3-33. Section 9-3-33 provides that "actions for injuries to the person shall be brought within two years after the right of action accrues." Under O.C.G.A. § 51-4-2, a surviving spouse may recover for the wrongful death of a spouse "the full value of the life of the decedent." The Georgia Supreme Court has held that for such wrongful death actions, section 9-3-33 begins to run on the death of the decedent, extends two years from that date, and is *not* extended by Georgia's "discovery rule." See Miles v. Ashland Chem. Co., 410 S.E.2d 290, 291 (Ga. 1991). "Under the 'discovery rule,' [a] right of action does not 'accrue' until the injured person discovers the cause of his or her injury." Id. (citing Everhart v. Rich's, Inc., 194

7

S.E.2d 425, 428–29 (Ga. 1972)). But for wrongful death actions, regardless of when a plaintiff discovers that a defendant was responsible for the decedent's death, the period of limitation expires two years after the decedent's date of death. See id. Because Mr. Dollar passed away on December 1, 2012, Defendant argues, the statute bars actions seeking damages for wrongful death filed after December 1, 2014. See Dkt. No. 29 at 6. Defendant contends that because Mrs. Dollar did not file this action until June 12, 2020, which was over five years after the statute of limitations period expired, the Court should dismiss Plaintiff's wrongful death claims. Id.

Plaintiff acknowledges Georgia law on this issue but asks the Court to declare that Georgia courts' "refusal to apply the discovery rule to accrual of wrongful death claims is unconstitutional." Dkt. No. 31 at 11. Specifically, Plaintiff argues that Miles "violates her due process rights and equal protection rights . . . under the Fourteenth Amendment to the United States Constitution." Id. at 10. Because the Georgia Supreme Court declined to apply the discovery rule to wrongful death claims, Plaintiff contends, it "treats similar claimants (i.e. those with a wrongful death claim) disparately and differently based on their knowledge of their claim and its cause." Id. Plaintiff argues "[t]here is no rational basis for treating such similarly situated claimants disparately based solely on

8

their knowledge or lack thereof," and in fact, "[t]o the contrary, such construction encourages and rewards parties who are able to conceal their culpability." Id.

The parties are correct in that Georgia courts do not apply the discovery rule to toll the two-year statute of limitations for wrongful death suits. See Miles, 410 S.E.2d at 291. As a result, under Georgia law, Plaintiff's wrongful death claim is untimely and must be dismissed. Plaintiff's request that this Court declare otherwise is inconsistent with its obligation to "decide this case as would a Georgia court." See Morris v. Weyerhaeuser Co., No. 5:03-CV-34, 2006 WL 8435968, at *6 (S.D. Ga. Mar. 31, 2006) (citing Wammock v. Celotex Corp., 835 F.2d 818, 820 (11th Cir. 1988)).

Further, Plaintiff fails to show that Georgia courts' refusal to apply the discovery rule to wrongful death actions renders the statute of limitations unconstitutional. Even accepting Plaintiff's characterization of Miles as dividing potential plaintiffs into two groups, one of which is subject to a deprivation, there is a rational basis in treating survival claims differently from claims seeking damages for wrongful death. See Dkt. No. 33 at 8-9. As the Georgia Supreme Court put it:

> the right or cause of action given by the [wrongful death] statute differs in practically all particulars from a pure survival of the cause of action had by the deceased. It is true that it depends first upon the factum of an actionable tort having been committed upon the deceased, but the gist of the action is not the injury suffered by the deceased, but the injury suffered

9

> by the beneficiaries, resulting from the death of the deceased . . . . The cause of action, while dependent upon the fact of an actionable tort against the deceased, accrues only by reason of the death. The damages recoverable are entirely different from those recoverable by the deceased upon the cause of action had by him, although in some instances proved by similar evidence. . . . [Wrongful death] has none of the attributes of a mere survival of the cause of action had by the deceased, but has only those of a new and distinct right or cause of action, based merely upon the same tort which gave cause to the right of action in the deceased.

Thompson v. Watson, 197 S.E. 774, 778-79 (Ga. 1938), disapproved of on other grounds by Walden v. Coleman, 124 S.E.2d 265 (Ga. 1962); see also Miles, 410 S.E.2d at 291 n.1 (quoting Thompson approvingly). In other words, a claim for wrongful death damages accrues by virtue of the decedent's passing, whereas a claim for damages in a survival action accrues in the same way it would have had the decedent not passed. See id. For this reason, there is a rational basis for the distinction.

Accordingly, the Court must **GRANT** Defendant's Motion to Dismiss Plaintiff's wrongful death claim ("Claim 5") and all other claims to the extent those claims seek damages for wrongful death.

### B. Survival Actions

Defendant next argues that any actions on behalf of Mr. Dollar brought under a survival theory of recovery are also barred by Georgia's two-year statute of limitations for personal injuries. Dkt. No. 29 at 8. Defendant points out that although O.C.G.A. § 9-3-92 provides a five-year tolling period for an estate to

10

become represented, Mrs. Dollar was not appointed as representative of Mr. Dollar's estate until October 7, 2019, which was almost seven years after Mr. Dollar passed away on December 1, 2012. Id. The relevant tolling statute provides:

> The time between the death of a person and the commencement of representation upon his estate or between the termination of one administration and the commencement of another shall not be counted against his estate in calculating any limitation applicable to the bringing of an action, provided that such time shall not exceed five years. At the expiration of the five years the limitation shall commence, even if the cause of action accrued after the person's death.

O.C.G.A. § 9-3-92. This tolling is "mandatory in every instance where the statute [i]s applicable" and "occurs by operation of law to the extent provided by the statute." Legum v. Crouch, 430 S.E.2d 360, 363 (Ga. Ct. App. 1993). Defendant argues that the text of section 9-3-92 makes clear that *any* statute of limitation "shall commence" when the five-year tolling period ends, "even if the cause of action accrued after the person's death." Dkt. No. 33 at 4 (quoting O.C.G.A. § 9-3-92). Therefore, Defendant contends, the statute of limitations for Plaintiff's survivor claims began to run on December 1, 2017—five years after Mr. Dollar's death—and expired on December 1, 2019, which was before Plaintiff filed this suit in June 2020. Dkt. No. 29 at 2.

Plaintiff admits that section 9-3-92 does not apply to toll her survival claims because Mr. Dollar's estate became represented

11

after the five-year tolling period, but she argues that section 9-3-92 is a *tolling* statute—not a statute of limitations or a statute of repose—and therefore does not function as a *bar* to Plaintiff's personal injury survivor claims.  Dkt. No. 31 at 11–14.  Instead, Plaintiff contends, the discovery rule and Defendant's fraudulent concealment extend the two-year statute of limitations and allow her survival claims to go forward.  Id.  at 14–24.

Plaintiff is correct in that the tolling statute for unrepresented estates does not bar a claim that does not accrue until after the five-year tolling period ends.  While Mr. Dollar's estate became represented *outside* of section 9-3-92's five-year tolling period, a period of limitation for a cause of action logically cannot commence *before* that cause of action accrues. "Under the 'discovery rule,' [a] right of action does not 'accrue' until the injured person discovers the cause of his or her injury." Miles, 410 S.E.2d at 291 (citing Everhart v. Rich's, Inc., 194 S.E.2d 425, 428–29 (Ga. 1972)).  Where a cause of action accrues upon discovery of the cause of an injury, and that discovery occurs outside of the five-year unrepresented estate tolling provision, that cause of action's period of limitation cannot *retroactively* begin to run at the expiration of those five years.  It instead begins to run, as the discovery rule provides, upon the plaintiff's date of discovery.  The sentence upon which Defendant so heavily relies—"At the expiration of the five years the limitation shall

commence, even if the cause of action accrued after the person's death"—must refer only to a cause of action that accrues *before* expiration of the five years.  See id. § 9-3-92.  Any other interpretation of that provision would be illogical.

Therefore, if the discovery rule applies to Plaintiff's survivor claims, the fact that Mr. Dollar's estate did not become represented until after the five-year period expired does not prevent the discovery rule from taking effect.[2]

Plaintiff alleges that Mrs. Dollar "did not know, nor through the exercise of reasonable diligence should she have known or discovered," that Mr. Dollar's injuries were caused by exposure to Defendant's Roundup products until 2019.  See Dkt. No. 31 at 18.  Because of this, Plaintiff argues, Plaintiff's survivor claims accrued in 2019 and this action's filing in June 2020 was within the two-year statute of limitations.  Id.  Defendant does not argue that Plaintiff insufficiently alleges facts to support the discovery rule's application.  See Dkt. Nos. 29, 33, 35.  Rightly so—this action is at the motion to dismiss stage, and if Plaintiff can prove what she alleges is true—that she could not have known prior to 2019 that Mr. Dollar's injuries were caused by Defendant— then the discovery rule would apply.  See Miles, 410 S.E.2d at

---

[2] Plaintiff also contends that even if the discovery rule did not apply, the statute of limitations would be tolled based on Defendant's fraud.  Dkt. No. 31 at 18 (citing O.C.G.A. § 9-3-96).  However, because Plaintiff's allegations are sufficient to invoke the discovery rule, the fraud tolling provision need not be addressed.

13

291; see also Morris, 2006 WL 8435968, at *5 ("[T]he Georgia Supreme Court has held, "[t]he discovery rule . . . is confined to cases of bodily injury which develop only over an extended period of time.'" (quoting Corp. of Mercer Univ. v. Nat'l Gypsum Co., 368 S.E.2d 732, 733 (Ga. 1988)) (second alteration in original)). Plaintiff's amended complaint sufficiently alleges a delay in discovery to toll the statute of limitations and make her survivor claims timely.

Defendant's Motion is therefore due to be **DENIED** as to Plaintiff's survivor claims on behalf of Mr. Dollar.

## CONCLUSION

Defendant's Motion to Dismiss, dkt. no. 29, is **GRANTED** to the extent Plaintiff seeks damages for wrongful death on behalf of Mr. Dollar.  However, Defendant's Motion is **DENIED** as to Plaintiff's survivor causes of action.

**SO ORDERED**, this 4th day of June, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA