# In the United States District Court for the Southern District of Georgia Brunswick Division

```
JANICE THERESA DOLLAR, as
Personal Representative of THE
ESTATE OF MICHAEL LAMAR DOLLAR
and Individually,
                                        2:20-cv-78
     Plaintiff,

     v.

MONSANTO COMPANY,

     Defendant.
```

## ORDER

Before the Court is Defendant Monsanto Company's motion for certification of questions to the Georgia Supreme Court. Dkt. No. 42. Defendant's motion is **DENIED**.

## BACKGROUND

This case arises from a married couple's alleged exposure to Defendant's products containing Roundup, an herbicide used to kill weeds. See Dkt. No. 22. Mrs. Dollar, individually and as representative of Mr. Dollar's estate ("Plaintiff"), brought this action against Defendant Monsanto, alleging strict liability in design defect and failure to warn; negligence; breach of implied warranties; wrongful death; loss of consortium; and fraud. See id.

Defendant filed a motion to dismiss, arguing that Mr. Dollar's wrongful death claims are untimely under O.C.G.A. § 9-3-33 because that statute of limitations ran on December 1, 2014—two years after Mr. Dollar's death—and Plaintiff did not file this action until June of 2020. Dkt. No. 29 at 1-2. Defendant further argued that Mr. Dollar's claims brought under a survival theory are barred by the same statute because Mrs. Dollar was not appointed as executrix of Mr. Dollar's estate until after the five-year tolling period contained in O.C.G.A. § 9-3-92 had expired. Id. at 2. The Court granted Defendant's motion to dismiss to the extent Plaintiff seeks damages for wrongful death on behalf of Mr. Dollar. Dkt. No. 37. However, the Court denied Defendant's motion to dismiss as to Plaintiff's survivor causes of action, holding that the discovery rule applies to toll the statute of limitations for those claims. Id.

Defendant now moves the Court to certify questions regarding the statute of limitations for survival actions to the Georgia Supreme Court. Dkt. No. 42.

## LEGAL AUTHORITY

A federal court has discretion whether or not to certify a question of state law to a state's highest court. See generally Lehman Bros. v. Schein, 416 U.S. 386, 390-91 (1974) (discussing ability of federal courts to certify questions of state law to a state's Supreme Court). Georgia law provides that a district court

of the United States may certify a question regarding state law to its Supreme Court.  O.C.G.A. § 15-2-9(a).

## DISCUSSION

Defendant moves to certify the following questions to the Georgia Supreme Court:

1. For survival actions seeking to recover for a decedent's alleged personal injuries under a continuing tort theory, when do those claims "accrue" for purposes of triggering the running of the statute of limitations for personal injury claims under O.C.G.A. § 9-3-33?

2. In cases where an estate is unrepresented for at least five years following the decedent's death, and the five-year tolling period for survival actions under O.C.G.A. § 9-3-92 applies, when does the statute of limitations for a survival action based upon a continuing tort theory begin to run?

See Dkt. No. 42.  After consideration of the motion and analysis of applicable Georgia law, the Court uses its discretion to **DENY** Defendant's motion.

## CONCLUSION

Defendant's Motion to Certify, dkt. no. 42, is **DENIED**.

**SO ORDERED,** this 22nd day of October, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA