# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JANICE THERESA DOLLAR,<br>as Personal Representative<br>of the ESTATE OF<br>MICHAEL LAMAR DOLLAR,<br>and Individually, | ) ) ) ) ) ) | |
|     Plaintiff, | ) ) | |
|     v. | ) ) | 2:20-CV-78 |
| MONSANTO COMPANY, | ) ) | |
|     Defendant. | ) | |

## ORDER

This case is before the Court on Plaintiff's voluntary motion to dismiss. Dkt. no. 64. Plaintiff did not file her expert witness reports by the disclosure deadline, see dkt. no. 60, so Defendant moved for summary judgment arguing that Plaintiff failed to establish a prima facie case with respect to her claims, dkt. no. 62. Plaintiff responded by filing a motion, seeking to voluntarily dismiss her claims without prejudice. Dkt. No. 64. For the reasons given below, the motion is **GRANTED** without prejudice. Any refiling of claims contained in this action are subject to the conditions the Court delineates below.

**BACKGROUND**

On June 12, 2020, Plaintiff Janice Dollar filed this action against Defendant Monsanto in the Superior Court of Glynn County, Georgia, alleging claims individually and as the representative of her deceased husband's estate. Dkt. No. 1-1.  Specifically, Mrs. Dollar alleged strict liability in design defect and failure to warn; negligence; breach of implied warranties; wrongful death; and loss of consortium arising from Mr. and Mrs. Dollar's alleged exposure to Monsanto's product Roundup, which contains the herbicide glyphosate.  Id. ¶¶ 1, 69-173.

On July 16, 2020, Monsanto removed the action to this Court. Dkt. No. 1.  Later, Monsanto filed a motion for judgment on the pleadings as to only Mr. Dollar's claims, dkt. no. 17, which the Court denied as moot after Mrs. Dollar filed an amended complaint. Dkt. No. 28.  Monsanto then filed a motion to dismiss claims related to Mr. Dollar's exposure to Roundup. Dkt. No. 29. The Court granted Monsanto's motion to dismiss to the extent Mrs. Dollar sought damages for wrongful death on behalf of Mr. Dollar but denied the motion as to Mrs. Dollar's survivor causes of action. Dkt. No. 37.

On April 13, 2022, the deadline for fact discovery, dkt. no. 53 at 1, Mrs. Dollar filed a second amended complaint, dkt. no. 54.  In response, Monsanto filed a motion to dismiss all claims in

Mrs. Dollar's second amended complaint that related to Mr. Dollar's alleged exposure to Roundup and his personal injuries. Dkt. No. 55. The motion is still pending.

Throughout litigation, Monsanto, with Mrs. Dollar's consent, requested and received three extensions of the discovery deadline. Dkt. Nos. 18, 47, and 52.  After fact discovery concluded, Mrs. Dollar requested an additional extension for expert discovery, dkt. no. 57, which was granted, dkt. no. 60.  Under the Fourth Amended Scheduling Order, Mrs. Dollar had until August 16, 2022 to serve her expert witness reports. Id. at 1.  After Mrs. Dollar failed to meet this deadline, Monsanto filed a motion for summary judgment arguing that Mrs. Dollar had failed to carry her burden regarding causation. Dkt. No. 62.  Mrs. Dollar then filed a motion to voluntarily dismiss her claims without prejudice, dkt. no. 64, which Monsanto opposes, dkt. no. 65.  The motion has been fully briefed, dkt. nos. 64, 65, 70, and is now ripe for review.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) permits dismissal—after the defendant has filed an answer or motion for summary judgment—"at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015).  Unless the order states otherwise, "a dismissal under [Rule 41(a)(2)] is without

prejudice." Fed. R. Civ. P. 41(a)(2); <u>Arias</u>, 776 F.3d at 1268. "[A] motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." <u>Arias</u>, 776 F.3d at 1268. Because "[t]he purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions,'" <u>id.</u> (quoting <u>McCants v. Ford Motor Co., Inc.</u>, 781 F.2d 855, 856 (11th Cir. 1986)), in evaluating whether the defendant will suffer clear legal prejudice, courts must determine "whether 'the defendant would lose any substantial right by the dismissal,'" <u>id.</u> at 1274 (alterations accepted) (quoting <u>Pontenberg v. Boston Sci. Corp.</u>, 252 F.3d 1253, 1255 (11th Cir. 2001)). "While the district court 'should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants,' the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." <u>Id.</u> at 1269 (quoting <u>Fisher v. P.R. Marine Mgmt., Inc.</u>, 940 F.2d 1502, 1503 (11th Cir. 1991)).

Monsanto argues it will suffer clear legal prejudice because (1) Mrs. Dollar filed her voluntary motion to dismiss soon after Monsanto filed its motion for summary judgment, (2) "Mrs. Dollar[] fail[ed] to provide any explanation . . . for the requested

4

dismissal without prejudice," and (3) Mrs. Dollar "fail[ed] to explain why she did not serve any expert reports despite the Court's repeated extensions of that deadline." Dkt. No. 65 at 3. This, Monsanto argues, demonstrates that Mrs. Dollar filed her motion solely to evade an adverse summary judgment ruling. Id. However, the Eleventh Circuit has held that "[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." Pontenberg, 252 F.3d at 1256.  Further, "the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." Arias, 776 F.3d at 1273 (quoting Pontenberg, 252 F.3d at 1258).

Monsanto has pointed to no evidence that Mrs. Dollar has acted in bad faith or that it will suffer any clear legal prejudice "other than the mere prospect of a second lawsuit." Arias, 776 F.2d at 1274; see generally dkt. no. 65.  While Mrs. Dollar may have filed her motion to avoid an adverse summary judgment ruling, this motivation does not constitute bad faith, nor does it amount to "plain legal prejudice." Arias, 776 F.2d at 1273; see also Carrier Corp. v. G.W. Martin, Inc., No. 1:08-cv-1003-cc, 2009 WL

1649587, at *7 (N.D. Ga. May 27, 2009) (finding that the plaintiff acted with bad faith by commencing litigation prematurely, abusing the discovery process such that sanctions would be warranted, and knowingly destroying critical evidence).

In Pontenberg, the plaintiff delivered inadequate expert disclosures that were subsequently struck. 252 F.3d at 1255. The defendant moved for summary judgment, arguing that the plaintiff could not establish her prima facie case without expert witnesses. Id. The plaintiff filed a notice of voluntary dismissal without prejudice, which the district court granted. Id. As the Eleventh Circuit noted when affirming the district court's ruling, "[u]nder our circuit precedent, delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending." Id. at 1259; see also McCants, 781 F.2d at 857 ("[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." (quoting Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967))); see also United States v. $70,670.00 in U.S. Currency, 929 F.3d 1293, 1301 (11th Cir. 2019) ("We have made clear that 'the sanction of dismissal [with prejudice] is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion.'" (quoting Durham, 385 F.2d at 368)).

Like the plaintiff in Pontenberg, Mrs. Dollar failed to meet her expert disclosure requirements, resulting in Monsanto filing its motion for summary judgment.  Similarly, in response, Mrs. Dollar filed a motion for voluntary dismissal without prejudice. Like in Pontenberg, Mrs. Dollar's motion should be granted because her failure to serve the expert reports amounts to negligence rather than bad faith.  As Mrs. Dollar points out, she sought only the final extension of time for the remaining discovery deadlines, dkt. no. 57, while all prior extensions were sought by Monsanto with Mrs. Dollar's consent. Dkt. No. 70 at 3 n.1; Dkt. Nos. 18, 47, 52.  While this does not excuse Mrs. Dollar's failure to meet her deadline, especially when the Court extended the deadline multiple times, her actions do not evince bad faith or a tactical attempt to protract the litigation or prejudice Monsanto's defense. See Durham, 385 F.2d at 367–68 (declining to "visit the sins of the lawyer upon his client" by dismissing the complaint with prejudice where there was no evidence of bad faith in the record, only negligence); Pontenberg, 252 F.3d at 1257 n.3 (noting the trial court's conclusion that counsel's failure to make adequate expert disclosures was not a tactical decision but rather a result of inaction).  Because there is no evidence of bad faith or plain legal prejudice, the Court **GRANTS** Mrs. Dollar's motion to

voluntarily dismiss this action but adds certain conditions to protect Monsanto's interests.

Weighing the equities, Monsanto's interests can be adequately protected by imposing conditions on Mrs. Dollar's dismissal rather than denying her motion. Pontenberg, 252 F.3d at 1260 ("Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse its 'broad equitable discretion' by dismissing the action without prejudice." (quoting McCants, 781 F.2d at 859)). Monsanto points to the "protracted period of discovery" in this case and the "considerable time [that has] been expended and expense incurred." Dkt. No. 65 at 3 (quoting Mosley v. JLG Indus., Inc., 189 F. App'x 874, 875-76 (11th Cir. 2006)).

Mrs. Dollar, in turn, argues that Monsanto is involved in a multitude of cases involving exposure to Roundup, such that Monsanto had the option to include Mrs. Dollar's case in an MDL in California to save time and expense. Dkt. No. 70 at 4. But Monsanto's decision to not include this case in the MDL should not be held against it, because "Rule 41(a)(2) exists chiefly for protection of defendants." Arias, 776 F.3d at 1269. Further, while Mrs. Dollar's failure to meet the disclosure deadline was not undertaken in bad faith, she missed the deadline after seeking an extension and failed to provide an explanation for doing so. See

generally Dkt. Nos. 60, 64, 65.  Additionally, this case was removed to federal court on July 16, 2020, about one and one-half years ago; fact discovery has concluded, dkt. no. 7 at 4; this Court has granted in part one of Monsanto's motions to dismiss, dkt. no. 37; and Monsanto has filed another motion to dismiss, dkt. no. 55, and a motion for summary judgment, dkt. no. 65 at 5, which are still pending.  Due to the time-consuming nature of the proceedings and the late stage of discovery the proceedings have reached, Monsanto has suffered practical prejudice which merits the imposition of conditions if Mrs. Dollar refiles any claims asserted in this action.

Therefore, if Mrs. Dollar refiles any claims at issue in this lawsuit, the refiled lawsuit must incorporate the procedural history of this case and resume from the point at which this case ended. See Dkt. No. 65 at 5l; Daniels v. Jacobs, 753 F. App'x 748, 755 (11th Cir. 2018) ("The district court's dismissal with the condition that any subsequent action would be deemed to incorporate the procedural history of the original case did not constitute an abuse of discretion.").  Upon Mrs. Dollar refiling her claims, Monsanto is permitted to refile its motion for summary judgment. Cf. Thompson v. Chaput, No. CV 120-121, 2021 WL 2472383, at *3 (S.D. Ga. May 24, 2021), report and recommendation adopted, No. CV 120-121, 2021 WL 2463575 (S.D. Ga. June 16, 2021) ("Defendants may

refile the current summary judgment motion 'as is' at any time in the refiled action.").

Monsanto has not requested that the Court condition dismissal on payment of costs, dkt. no. 65 at 5, and the Court finds that imposition of the aforementioned conditions is sufficient to relieve Monsanto of the practical prejudice it might face. See also Parrish v. Ford Motor Co., 299 F. App'x 856, 862 (11th Cir. 2008) ("[A] Rule 41(a)(2) dismissal that imposes payment of costs as a precondition to refiling is tantamount to a dismissal with prejudice if the plaintiff is financially unable to pay the costs and fees."). Thus, Mrs. Dollar is not required to pay Monsanto's court costs or a portion of Monsanto's expenses upon refiling.

**CONCLUSION**

Because Monsanto will not suffer clear legal prejudice, Mrs. Dollar's motion to voluntarily dismiss this case without prejudice, dkt. no. 64, is **GRANTED**. Monsanto's motion to dismiss and motion for summary judgment, dkt. nos. 55, 62, are therefore **DENIED as moot**. If Mrs. Dollar chooses to renew this lawsuit, she must adhere to the conditions outlined in this Order.

**SO ORDERED** this 15th day of November, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA